IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **S E C O N D S U P E R S E D I N G I N D I C T M E N T** |
| v. | Case No. 1:24-cr-110 |
| REGINALD DESHAWN WHITE III, a/k/a CASH; JORDAN WESLEY BETTS, a/k/a 23; CHRISTOPHER LACY, a/k/a LIL' BRO; TATUM LEIGH PAASCH; KAYLEE RUTH LACOMPTE; JALON DEWIGHT RANDLE, a/k/a LON; ANTOINE JERSHON CROSS; BRICE SOLOMON DUJUAN WILSON, a/k/a B, a/k/a MOB; WILLIAM IVORY ROSHAWN BEVERLY, a/k/a RICH; TANEI SIMONE JERRY; THEODORE DALE SIERS, JR., a/k/a TEDDY SIERS; DESTINY TORY SIERS; JUSTICE CALEY SIERS; WALTER LEWIS DEVILLE, JR.; TIA LEE HURKES; TIAN JO JORGENSON; JAMES LAMAR SANDERS, a/k/a JAYMO; DESHAWN DEONTE HOUSTON; and ALEX EDWARD LORENZANO | Violations: 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), 846, 856(a)(1), and 856(b); and 18 U.S.C. § 2 |

## COUNT ONE

### Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances

The Grand Jury Charges:

Beginning sometime in or about 2022 and continuing until on or about the date of this Second Superseding Indictment, in the District of North Dakota, and elsewhere,

REGINALD DESHAWN WHITE III, a/k/a CASH;
JORDAN WESLEY BETTS, a/k/a 23;
CHRISTOPHER LACY, a/k/a LIL' BRO;
TATUM LEIGH PAASCH;
KAYLEE RUTH LACOMPTE;
JALON DEWIGHT RANDLE, a/k/a LON;
ANTOINE JERSHON CROSS;
BRICE SOLOMON DUJUAN WILSON, a/k/a B, a/k/a MOB;
WILLIAM IVORY ROSHAWN BEVERLY, a/k/a RICH;
TANEI SIMONE JERRY;
THEODORE DALE SIERS, JR., a/k/a TEDDY SIERS;
DESTINY TORY SIERS;
JUSTICE CALEY SIERS;
WALTER LEWIS DEVILLE, JR.;
TIA LEE HURKES;
TIAN JO JORGENSON;
JAMES LAMAR SANDERS, a/k/a JAYMO;
DESHAWN DEONTE HOUSTON; and
ALEX EDWARD LORENZANO

knowingly and intentionally combined, conspired, confederated, and agreed with others, both known and unknown to the grand jury, to distribute and possess with intent to distribute controlled substances, including: (i) a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance; and (ii) a mixture and substance

2

containing a detectable amount of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Drug Quantity

With respect to REGINALD DESHAWN WHITE III, a/k/a CASH; JORDAN WESLEY BETTS, a/k/a 23; CHRISTOPHER LACY, a/k/a LIL' BRO; WILLIAM IVORY ROSHAWN BEVERLY, a/k/a RICH; and TANEI SIMONE JERRY, the amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide") involved in the conspiracy attributable to this individual as a result of that individual's own conduct, and the conduct of other conspirators reasonably foreseeable to that individual, is 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to TATUM LEIGH PAASCH, BRICE SOLOMON DUJUAN WILSON, a/k/a B, a/k/a MOB, and DESHAWN DEONTE HOUSTON the amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide") involved in the conspiracy attributable to this individual as a result of that individual's own conduct, and the conduct of other conspirators reasonably foreseeable to that individual, is 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), in violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to REGINALD DESHAWN WHITE III, a/k/a CASH; JORDAN WESLEY BETTS, a/k/a 23; TATUM LEIGH PAASCH; and KAYLEE RUTH

LACOMPTE, the amount of methamphetamine involved in the conspiracy attributable to each of these individuals as a result of that individual's own conduct, and the conduct of other conspirators reasonably foreseeable to that individual, is 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that conspirators would and did distribute, and possess with intent to distribute, opiate pills and tablets containing a detectable amount of fentanyl;

2. It was further a part of said conspiracy that conspirators would and did distribute, and possess with intent to distribute, methamphetamine;

3. It was further a part of said conspiracy that conspirators would and did attempt to conceal their activities by, among other things, using aliases; threatening and intimidating conspirators and other persons; concealing drugs within their persons, vehicles, and containers; and using and maintaining residences as stash houses for controlled substances and proceeds of drug distribution activity;

4. It was further a part of said conspiracy that conspirators would and did use United States currency in their drug transactions;

5. It was further a part of said conspiracy that conspirators used commercial carriers, such as FedEx, UPS, and the United States Postal Service, to transfer controlled substances and the proceeds of drug distribution activity;

6. It was further a part of said conspiracy that conspirators would and did use telecommunication facilities, including cellular telephones and social media and financial transaction applications, to facilitate the distribution of controlled substances and collection of drug proceeds;

7. It was further a part of said conspiracy that conspirators traveled between Michigan and North Dakota via various means to acquire, transport, and distribute controlled substances;

8. It was further a part of said conspiracy that conspirators utilized other persons as sub-distributors to locate customers and purchasers of controlled substances within North Dakota; and

9. It was further a part of said conspiracy that conspirators opened their residences for other conspirators to stay to store, receive, and distribute controlled substances;

In violation of Title 21, United States Code, Section 846, and Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT TWO

### Possession with Intent to Distribute Controlled Substances

The Grand Jury Further Charges:

On or about December 29, 2023, in the District of North Dakota,

### TATUM LEIGH PAASCH,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute controlled substances, including (i) a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and (ii) a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THREE

**Possession with Intent to Distribute Methamphetamine
(50 grams or more – mixture)**

The Grand Jury Further Charges:

On or about February 22, 2024, in the District of North Dakota,

JORDAN WESLEY BETTS, a/k/a 23,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute controlled substances, including 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT FOUR

### Possession with Intent to Distribute Fentanyl

The Grand Jury Further Charges:

On or about February 22, 2024, in the District of North Dakota,

JORDAN WESLEY BETTS, a/k/a 23,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute controlled substances, including a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIVE

### Possession with Intent to Distribute Fentanyl

The Grand Jury Further Charges:

On or about March 11, 2024, in the District of North Dakota,

CHRISTOPHER LACY, a/k/a LIL' BRO,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute controlled substances, including a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SIX

### Possession with Intent to Distribute Fentanyl

The Grand Jury Further Charges:

On or about June 14, 2024, in the District of North Dakota,

JALON DEWIGHT RANDLE, a/k/a LON,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute controlled substances, including a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SEVEN

## Possession with Intent to Distribute Fentanyl

The Grand Jury Further Charges:

On or about June 24, 2024, in the District of North Dakota,

### ANTOINE JERSHON CROSS,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute controlled substances, including a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT EIGHT

### Possession with Intent to Distribute Fentanyl
### (40 grams or more – mixture)

The Grand Jury Further Charges:

On or about August 28, 2024, in the District of North Dakota,

WILLIAM IVORY ROSHAWN BEVERLY, a/k/a RICH,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute controlled substances, including 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT NINE

**Possession with Intent to Distribute Fentanyl**
**(40 grams or more – mixture)**

The Grand Jury Further Charges:

On or about September 2, 2024, in the District of North Dakota,

BRICE SOLOMON DUJUAN WILSON, a/k/a B, a/k/a MOB,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute controlled substances, including 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT TEN

### Possession with Intent to Distribute Fentanyl

The Grand Jury Further Charges:

On or about March 28, 2024, in the District of North Dakota,

JAMES LAMAR SANDERS, a/k/a JAYMO,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute controlled substances, including a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT ELEVEN

**Possession with Intent to Distribute Fentanyl**
**(40 grams or more – mixture)**

The Grand Jury Further Charges:

On or about December 30, 2024, in the District of North Dakota,

DESHAWN DEONTE HOUSTON,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute controlled substances, including 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT TWELVE

**Maintaining Drug-Involved Premises**

The Grand Jury Further Charges:

Beginning sometime in or about 2023, and continuing until on or about the date of this Second Superseding Indictment, in the District of North Dakota,

WALTER LEWIS DEVILLE, JR.,

individually, and by aiding and abetting, knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of distributing and using any controlled substance; specifically, WALTER LEWIS DEVILLE, JR., opened, leased, rented, used, and maintained a residence located on Maryland Street in Bismarck, North Dakota, for purposes of acquiring and distributing (i) opiate pills and tablets that were a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance; and (ii) a mixture and substance containing a detectable amount of a methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 856(a)(1) and 856(b), and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

## Maintaining Drug-Involved Premises

The Grand Jury Further Charges:

Beginning sometime in or about 2023, and continuing until on or about the date of this Second Superseding Indictment, in the District of North Dakota,

TIA LEE HURKES,

individually, and by aiding and abetting, knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of distributing and using any controlled substance; specifically, TIA LEE HURKES, opened, leased, rented, used, and maintained a residence located on Twin City Drive in Mandan, North Dakota, for purposes of acquiring and distributing (i) opiate pills and tablets that were a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance; and (ii) a mixture and substance containing a detectable amount of a methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 856(a)(1) and 856(b), and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

## Maintaining Drug-Involved Premises

The Grand Jury Further Charges:

Beginning sometime in or about 2023, and continuing until on or about the date of this Second Superseding Indictment, in the District of North Dakota,

## TIAN JO JORGENSON,

individually, and by aiding and abetting, knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of distributing and using any controlled substance; specifically, TIAN JO JORGENSON opened, leased, rented, used, and maintained a residence located on Park Avenue in Mandan, North Dakota, for purposes of acquiring and distributing (i) opiate pills and tablets that were a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance; and (ii) a mixture and substance containing a detectable amount of a methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 856(a)(1) and 856(b), and Title 18, United States Code, Section 2.

## PRIOR CONVICTION – TATUM LEIGH PAASCH

In accordance with Title 21, United States Code, Section 841(b)(1)(B), the Grand Jury finds the following:

That the defendant, TATUM LEIGH PAASCH, has one or more prior convictions for a "serious drug felony," specifically: (1) Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, a felony, on or about April 18, 2022, and revoked on or about September 26, 2022, in United States District Court for the District of North Dakota, Case Number 1:20-cr-068-21; and

1. TATUM LEIGH PAASCH "served a term of imprisonment of more than 12 months" for this prior conviction;

2. TATUM LEIGH PAASCH was last released from service of "any term of imprisonment" for this prior conviction within fifteen (15) years of the commencement of the instant offense conduct; and

3. The instant offenses in Counts One and Two of this Second Superseding Indictment as to TATUM LEIGH PAASCH commenced sometime in or after August 2023.

A TRUE BILL:

/s/ Foreperson  
Foreperson

/s/ Jennifer Klemetsrud Puhl  
JENNIFER KLEMETSRUD PUHL  
Acting United States Attorney

RLV/jrs