**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION FOR** |
| | ) | **RELEASE FROM CUSTODY** |
| vs. | ) | |
| | ) | |
| Walter Lewis Deville, Jr., | ) | Case No. 1:24-cr-110 |
| | ) | |
| Defendant. | ) | |

Defendant is charged a Second Superseding Indictment with one count of conspiracy to distribute and possess with intent to distribute methamphetamine and one count of maintaining a drug-involved premises. (Doc. No. 238). The court conditionally released him to the Prairie Recovery Center for treatment following his initial appearance and arraignment on April 2, 2025. (Doc. Nos. 280 and 283). On April 10, 2025, the court modified his release conditions to permit him to transition from the Prairie Recovery Center to Blessed Builders, a sober living facility in Bismarck, North Dakota, with the caveat that he was surrender to custody of the United States Marshal if terminated from Blessed Builders for any reason. (Doc. No. 296).

On July 4, 2025, the United States Marshal advised the court that Defendant was terminated from Blessed Builders Sober Living and had surrendered. Consequently, on July 7, 2025, the court issued an order detaining Defendant. (Doc. No. 388).

On July 11, 2025, Defendant filed a motion for release from custody. (Doc. No. 392). He requests to be released to Tied for Second, a sober living facility in Bismarck, North Dakota. He advises that Tied for Second will arrange for his transport.

Having reviewed the record, the court is inclined to release Defendant. The Pretrial Services Office does not object to Defendant's release to Tied for Second. Moreover, the court is persuaded

1

that the placement of Defendant at Tied for Second with conditions will reasonably assure his future appearance and ensure the safety of other persons or the community.

Accordingly, the court **GRANTS** Defendant's motion (Doc. No. 392). Defendant shall be released to a representative of Tied for Second or other person(s) approved by the Pretrial Services Officer no earlier than 9:00 AM on July 14, 2025, for transport to Tied for Second. Defendant's release shall be subject to the following conditions:

.(1)    Defendant shall not violate federal, state, tribal, or local law while on release.

(2)    Defendant shall appear in court as required and surrender for any sentence imposed.

(3)    Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test.

(4)    Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(5)    Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6)    Defendant shall report to and reside Tied for Second:, fully participate in its programming, and comply with all of its rules and regulations.

(7)    Defendant shall not knowingly or intentionally have any direct or indirect contact with witness(es), or co-defendant(s), except that counsel for Defendant, or counsel's

agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

(8)    Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from Tied for Second OR to communicate with Tied for Second about his  progress there.

Any overnight passes from Tied for Second must be approved by the Pretrial Services Officer.

While residing at Tied for Second, Defendant must seek and maintain employment. Employment must be approved by the Pretrial Services Officer.

(9)    Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer.  Failure to submit to a search may be grounds for revocation of his release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(10)    Defendant shall not obtain a passport and other foreign travel document(s).

(11)    Defendant must report as soon as possible, to the Pretrial Service Office or his supervising Pretrial Services Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

**IT IS SO ORDERED.**

Dated this 11th day of July, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court